UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-14154-BLOOM

DAVID ADOLFSON,

    Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

**ORDER *SUA SPONTE* DISMISSING 28 U.S.C. § 2254 PETITION AS SUCCESSIVE**

**THIS CAUSE** is before the Court upon *pro se* Petitioner David Adolfson's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. [1], (the "Petition"). Petitioner is a state prisoner incarcerated at the South Florida Reception Center-South Unit in Doral, Florida. He challenges his conviction and life sentence for attempted first-degree murder in the Nineteenth Judicial Circuit in and for Martin County, Florida. *See Florida v. Adolfson*, No. 05-CF-1642-A (Fla. 19th Cir. Ct. Mar. 4, 2007).[1] This is Petitioner's second federal habeas petition challenging the same conviction and sentence. *See Adolfson v. Florida*, No. 12-CV-14355-JEM (S.D. Fla. Oct. 31, 2014).[2] Accordingly, the Petition is dismissed *sua sponte* as an unauthorized successive petition pursuant to 28 U.S.C. § 2244(b).

---

[1] Under Fed. R. Evid. 201, the Court takes judicial notice of the record in Petitioner's state criminal case. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). Petitioner's state court record is available at https://court.martinclerk.com/Home.aspx/Search (search Case No. "2005001642CF"). Pursuant to *Paez*, this Court has included with this Order a copy of the docket sheet in Petitioner's state criminal case. *See id*. at 653 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

[2] A federal district court may take judicial notice of its own records. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

I. **BACKGROUND**

On February 1, 2007, Petitioner was found guilty by a jury of attempted first-degree murder with a weapon. *Adolfson*, No. 05-CF-1642-A, Docket No. 921. On March 7, 2007, Petitioner was sentenced to life imprisonment as a habitual violent felony offender ("HVFO"). *Id.*, Docket No. 439. On October 4, 2012, Petitioner, through counsel, filed his first federal habeas petition, raising three grounds challenging that conviction and sentence. *Adolfson*, No. 12-CV-14355-JEM, ECF No. [1]. Petitioner then filed an amended petition. *Id.*, ECF No. [41]. On October 30, 2014, the Honorable Jose E. Martinez adopted the Report and Recommendation of United States Magistrate Judge Frank J. Lynch and denied the petition on the merits. *Id.*, ECF No [51]. Petitioner filed a *pro se* appeal, which was dismissed for want of prosecution. *Id.*, ECF Nos. [52, 56].

On May 18, 2024, Petitioner filed the instant *pro se* Petition, challenging the same conviction and sentence he challenged in his prior petition. ECF No. [1]. Petitioner raises two grounds: (1) his sentence is illegal because the 15-year mandatory portion of the HVFO enhancement was neither orally pronounced nor reduced to writing in accordance with the statute; and (2) aggravated stalking charges were improperly used to upgrade his status to habitual felony offender. *Id*. No response has been ordered because it is clear from the face of the Petition that it is an unauthorized second or successive petition.

II. **LEGAL STANDARD**

Rule 4(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Likewise, the United States Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (alterations added)

(citation omitted). In reviewing a *pro se* petition under Rule 4, however, the district court must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") established strict limits on a state prisoner's ability to file a "second or successive" habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(1)). Under the AEDPA, "before a petitioner may file a second or successive [section] 2254 habeas petition, the petitioner first must obtain an order from th[e] [Eleventh Circuit] authorizing the district court to consider the petition." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (alterations added) (citing 28 U.S.C. § 2244(b)(3)(A)). Without authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider a second or successive habeas petition. *See* § 2244(b)(3)(A); *Wallace v. Att'y Gen. of Ala.*, 825 F. App'x 737, 738 (11th Cir. 2020) (citation omitted).

The phrase "second or successive" is "not self-defining" and does not refer "to all § 2254 applications filed second or successively in time[.]" *Panetti v. Quarterman*, 551 U.S. 930, 944–45 (2007). "To determine whether an inmate's petition is second or successive, [courts] look to whether the petitioner filed a federal habeas petition challenging the same judgment." *Miles v. Strickland*, 774 F. App'x 590, 592 (11th Cir. 2019) (citing *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014)). If the petitioner is challenging the same judgment he challenged previously, then his second petition is second or successive if the first petition was denied or dismissed with prejudice. *See id.* (citing *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999)). A petition is not second or successive, however, "if it challenges a new judgment issued after the prisoner filed his first petition." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017).

## III. DISCUSSION

This Court lacks jurisdiction to consider the Petition under 28 U.S.C. § 2244(b)(3)(A). Petitioner concedes that he previously filed a federal habeas petition in Case No. 12-cv-14355-JEM, challenging the same judgment he challenges here. ECF No. [1] at 4. Petitioner incorrectly states, however, that his petition in that case was "denied as moot." *Id*. The record in that case reveals that all three claims raised in the petition and in the amended petition were denied on the merits. *See Adolfson*, No. 12-cv-14355-JEM, ECF Nos. [46], [51]. Petitioner does not allege that he received a new judgment since his first petition was denied, and a review of his state court record confirms that he has not. Therefore, the instant petition is successive. *See Miles*, 774 F. App'x at 592. Moreover, Petitioner does not allege that he has received authorization from the Eleventh Circuit to file a second petition, and a review of the Eleventh Circuit's CM/ECF database reveals that he has not. As authorization has not been granted, this Court lacks jurisdiction to consider the instant Petition. *See* § 2244(b)(3)(A); *Burton*, 549 U.S. at 153.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition, **ECF No. [1]**, is **DISMISSED** as successive.
2. No certificate of appealability shall issue because the Court lacks jurisdiction to issue one. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). However, a certificate of appealability is unnecessary to permit the Eleventh Circuit to review the Court's order of dismissal. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).
3. The Clerk is **DIRECTED** to **CLOSE** this case any **DENY** all pending motions as **MOOT**.

Case No. 24-cv-14154-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

David Adolfson, *PRO SE*
856391
South Florida Reception Center-South Unit
Inmate Mail/Parcels
13910 NW 41st Street
Doral, FL 33178